

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00297-CR

EDGAR NAVARRETTE                                                  APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Edgar Navarrette[2] pled guilty and judicially confessed to two

counts of engaging in organized criminal activity through committing aggravated

---

[1]See Tex. R. App. P. 47.4.

[2]The record reflects three different spellings of appellant's last name. We will use the spelling contained in appellant's indictment and the trial court's judgments.

assault with a deadly weapon, which is a first-degree felony.[3]  After reviewing a presentence investigation report and receiving evidence from the parties, the trial court convicted appellant of both counts and assessed concurrent twenty-year sentences.  Appellant brought this appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that this appeal "is frivolous and without merit."  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and by demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*).  We gave appellant an opportunity to file a pro se brief, and he has done so, principally contending that the trial court "erred by not imposing a lower sentence."  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[3]*See* Tex. Penal Code Ann. § 22.02(a)(2), (b) (West 2011), § 71.02(a)(1), (b) (West Supp. 2012).

We have carefully reviewed the record, counsel's brief, and appellant's pro se response to counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 11, 2013

---

[4]Appellant's brief challenging his sentence presents nothing for review on the facts established by the record. We note that appellant was convicted of two first-degree felonies and received sentences toward the lower end of the punishment range for those offenses. *See* Tex. Penal Code Ann. § 12.32(a) (West 2011).