

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00040-CR

STACEY KEVIN HOLBERT          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A grand jury indicted appellant Stacey Kevin Holbert on July 15, 2008, for theft of property valued between $20,000 and $100,000—a third-degree felony. *See* Tex. Penal Code Ann. § 31.03(e)(5) (West Supp. 2012). Pursuant to a plea bargain, Holbert pleaded guilty, and in accordance with the terms of the plea-bargain agreement, the trial court placed him on deferred adjudication community supervision for six years.

---

[1]*See* Tex. R. App. P. 47.4.

The State petitioned the trial court to revoke Holbert's community supervision and to adjudicate him guilty on December 2, 2011, asserting that Holbert had violated multiple conditions of his community supervision. At the revocation hearing, Holbert pleaded "not true" to the petition's allegations, but the State presented evidence of them, and the trial court found them to be true. Thus, the trial court convicted Holbert and sentenced him to five years' confinement. The trial court also ordered him to pay restitution. Holbert brought this appeal.

Holbert's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his brief, counsel avers that this appeal is wholly frivolous and that there are no arguable grounds for appeal. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman,* 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Holbert had an opportunity to file a pro se brief but did not. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). Only then may we grant

2

counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 20, 2013