

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00623-CR**

MICHAEL WAYNE SHERROD, JR.                                         APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Wayne Sherrod, Jr. appeals his first-degree felony conviction for aggravated robbery with a deadly weapon.[2] We affirm.

A grand jury indicted appellant with committing aggravated robbery. The first count of the indictment alleged that while in the course of committing theft

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2), (b) (West 2011).

and with the intent to obtain or maintain control of property, appellant placed a victim in fear of imminent bodily injury or death by using a firearm. The trial court appointed counsel for appellant, and in April 2012, appellant rejected a plea-bargain offer of thirty years' confinement.

In May 2012, appellant entered an open guilty plea while receiving written admonishments about the effects of doing so, waiving constitutional and statutory rights, and judicially confessing. After continuing the case for the preparation of a presentence investigation report, the trial court found appellant guilty and sentenced him to twenty-five years' confinement. Appellant brought this appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion and in the brief, counsel avers that after a thorough examination of the record, he can find no nonfrivolous issue to present. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellant expressed his desire to file a pro se response to the *Anders* brief, and although we gave him an opportunity to do so, he did not. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we

must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the record[3] and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 31, 2013

---

[3]As part of his plea, appellant waived the attendance of a court reporter at the trial court's proceedings. The trial court's court reporter informed us that there was no reporter's record taken in connection with appellant's case, so our review of the record comprised the clerk's record and a presentence investigation report. The clerk's record does not contain any motions filed by appellant.