

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00067-CR

EUGENE WALTER HAND                                                       APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Eugene Walter Hand appeals his third-degree felony conviction and his fifteen-year sentence for driving while intoxicated (DWI).[2] We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2012). Although driving while intoxicated with two prior convictions for the same offense is a third-degree felony, appellant was subject to a second-degree felony punishment range because he had been previously convicted of a felony offense. *See id.* § 12.42(a) (West Supp. 2012).

A grand jury indicted appellant with committing DWI; his indictment alleged that he had been previously convicted of two misdemeanor DWIs and one felony DWI. The trial court appointed counsel to represent appellant. Appellant stipulated to his two prior misdemeanor DWI convictions and pled not guilty. After the parties selected a jury through voir dire and presented evidence, the jury found appellant guilty. Appellant pled true to the indictment's felony enhancement paragraph, and following the parties' presentation of evidence during the punishment phase of the trial, the jury assessed appellant's punishment at fifteen years' confinement. The trial court sentenced him accordingly, and he brought this appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that "this appeal is frivolous, as there are no grounds that could be argued successfully on appeal." Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744– 45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). We gave appellant an opportunity to file a pro se brief, and he did so. The State also filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we

2

must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, appellant's pro se brief, and the State's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 31, 2013

3