

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-282-CR

KYLE EDWARD ALEXANDER                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## OPINION

------------

Pursuant to a plea bargain agreement, Kyle Edward Alexander pleaded guilty to aggravated assault with a deadly weapon. On June 18, 2007, the trial court placed him on five years' deferred adjudication community supervision and, in the conditions of community supervision attached to the "Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence," ordered him to pay restitution in the amount of $10,871.25 as a condition of his community supervision. The State filed a petition to proceed

to adjudication on June 19, 2008, alleging that Alexander had violated four conditions of his community supervision. Alexander pleaded "true" to all four violations. The trial court found that all four paragraphs of the petition were true, adjudicated Alexander guilty, and sentenced him to ten years' confinement. The trial court's written judgment included an order that Alexander pay $10,311.25 in restitution. Alexander appeals from the trial court's determination to proceed to an adjudication of guilt.

Alexander's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel reviewed the history of the case and detailed the evidence presented. Counsel's brief and motion meet the requirements of *Anders v. California*[1] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court afforded Alexander the opportunity to file a brief on his own behalf, but he did not do so.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the

---

[1] 386 U.S. 738, 87 S. Ct. 1396 (1967).

record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 922–23.  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record.  The record shows that after the trial court adjudicated Alexander's guilt, it did not include a restitution order in its oral pronouncement of Alexander's sentence.  Yet the trial court's written judgment adjudicating Alexander's guilt includes an order that he pay $10,311.25 in restitution.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement.  *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1 (Vernon 2006) (providing that "sentence shall be pronounced in the defendant's presence").  When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).  The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence.  Once he leaves the courtroom, the defendant begins serving the

3

sentence imposed." *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

When an accused receives deferred adjudication, no sentence is imposed. *See Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). When the accused violates a condition of community supervision, the court may proceed to adjudicate guilt and to assess punishment. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon 2006); *Taylor*, 131 S.W.3d at 499. Thus, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Taylor*, 131 S.W.3d at 501–02 (noting that deferred adjudication differs in this regard from regular probation, where a fine orally pronounced at sentencing survives revocation of probation); *Abron*, 997 S.W.2d at 282.

In *Abron*, the order deferring adjudication assessed a fine as a condition of community supervision. 997 S.W.2d at 282. The judge later adjudicated the defendant's guilt and did not orally pronounce a fine, but he did include the fine in the written judgment. *Id.* On appeal, the Dallas court modified the judgment to delete the fine because it was not orally pronounced as part of the defendant's sentence. *Id.*; *see also Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (holding that restitution is punishment); *Brown v. State*,

4

No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet. h.) (mem. op., not designated for publication) (holding that restitution is punishment that is part of a defendant's sentence and, therefore, must be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment).

Thus, here, the judgment adjudicating Alexander's guilt set aside the unadjudicated judgment previously entered by the trial court that included as an attached condition of his community service the requirement that he pay restitution in the amount of $10,871.25. *See Taylor*, 131 S.W.3d at 502; *Abron*, 997 S.W.2d at 282. And the trial court did not include an order for restitution in its oral pronouncement of sentence upon Alexander. Because the requirement that Alexander pay $10,311.25 in restitution is punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See, e.g.*, *Taylor*, 131 S.W.3d at 502; *Abron*, 997 S.W.2d at 282. Thus, we reform the trial court's judgment to delete the language regarding the payment of restitution. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed).

5

Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED: November 12, 2009

6