# NO. 12-10-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENJAMIN EUGENE JONES,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Benjamin Eugene Jones appeals his conviction for possession of a controlled substance. He raises two issues on appeal. We modify the judgment of the trial court, and as modified, affirm.

### BACKGROUND

Pursuant to a plea agreement, Appellant pleaded guilty to felony possession of a controlled substance, and was placed on deferred adjudication community supervision. Three months later, the State filed an application to proceed to final adjudication alleging that Appellant violated the terms of his community supervision. Of the six alleged violations, Appellant pleaded "true" to four, and "not true" to the remaining allegations. After a hearing, the trial court found all the allegations to be true, adjudicated Appellant's guilt, revoked his community supervision, and orally pronounced his sentence as follows: "[E]ight years confinement in the Institutional Division, a $10,000 fine. Court cost ordered paid. Credit for time served is granted." However, the written judgment of the court additionally ordered that Appellant pay $140.00 in

restitution.[1]

**RESTITUTION**

In his first issue, Appellant argues that the oral pronouncement of judgment, which does not order restitution, controls over the written judgment ordering restitution, and that this court should modify the written judgment to delete the restitution order. In a related second issue, Appellant contends that the trial court lacked authority to order him to pay restitution.

**Standard of Review and Applicable Law**

When an accused receives deferred adjudication, no sentence is imposed. See ***Davis v. State***, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); ***Alexander v. State***, 301 S.W.3d 361, 363-64 (Tex. App.—Fort Worth 2009, no pet.). When the accused violates a condition of community supervision, the court may proceed to adjudicate guilt and to assess punishment. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2010); ***Taylor v. State***, 131 S.W.3d 497, 499 (Tex. Crim. App. 2004). An adjudication of guilt sets aside the order deferring adjudication, including any previously imposed fines or restitution. ***Taylor***, 131 S.W.3d at 501-02 (noting that deferred adjudication differs in this regard from conventional community supervision, where a fine orally pronounced at sentencing survives revocation of probation).

A defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp. 2010). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. ***Taylor***, 131 S.W.3d at 500. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. ***Id.*** The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *See **Ex parte Madding***, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). This court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P.

---

[1] In the written judgment, the restitution amount of $140.00 was to be payable to "agency/agent (see below)," without specifying which agency was to receive the restitution. The parties agree that the restitution amount relates to a Texas Department of Public Safety (DPS) lab fee. Appellant points to other documents in the record supporting this agreement, namely Appellant's original plea agreement and the order placing him on deferred adjudication community supervision, both of which reference restitution for the DPS lab fee. Given our disposition of the instant case, we express no opinion as to whether the written judgment in this case sufficiently described the agency to which restitution was payable.

2

43.2(b).

A sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (Vernon Supp. 2010). The burden of proving the amount of loss sustained by the victim is on the state, and is a preponderance of the evidence. *See id.* art. 42.037(k). Due process considerations limit the restitution a trial court can order in three ways: (1) the amount must be just and supported by a factual basis within the record; (2) the restitution ordered must be for the offense for which the defendant is criminally responsible; and (3) the restitution must be for the victim or victims of the offense for which the defendant is charged. *See Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999); *Drilling v. State*, 134 S.W.3d 468, 470 (Tex. App.—Waco 2004, no pet.).

**Discussion**

Appellant argues that since the trial court's oral rendition of judgment did not order restitution, and since the oral pronouncement of sentence controls, we should modify the trial court's written judgment to delete the restitution order.

The State first argues that Appellant failed to preserve this issue. We have held, at least with respect to the complaint that the trial court lacks the legal authority to assess restitution to the DPS,[2] that the defendant must preserve this complaint by a contemporaneous objection. *See Kassube v. State*, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 WL 697362, at *3 (Tex. App.—Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication). However, we have imposed no such requirement when, as here, the trial court's oral pronouncement of judgment is silent on restitution, yet the subsequent written judgment orders restitution.

Second, the State argues that *Kassube* is similar factually and procedurally, and more specifically, it argues that Appellant's agreement to pay restitution as part of his original plea agreement controls the disposition of this case.[3] *See id.* However, the trial court in *Kassube*

---

[2] The ground upon which we have held a defendant is required to preserve error is more closely related to Appellant's second issue, not his first issue. The question of whether Appellant failed to preserve his second issue—the argument that the trial court lacked authority to order him to pay restitution to the DPS for its lab fee—is a question we do not reach under the facts of this case.

[3] A trial court may order reimbursement to law enforcement agencies for analysis of controlled substances when a defendant is placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 11(a)(19) (Vernon Supp. 2010). And there is a provision for the imposition of restitution or reparations upon the revocation of community supervision. *See id.* § 23(a). But at least one court has held that reimbursement for the analysis of controlled substances is not restitution or reparations. *Aguilar v. State*, 279 S.W.3d 350, 353-54 n. 1 (Tex. App.—Austin 2007, no pet.); *but see Horton v. State*, No. 10-09-00258-CR, 2010 WL 2010932, at *4 (Tex.

ordered restitution in the written judgment, but also orally pronounced that "[r]estitution is ordered to DPS in the amount indicated to be due with a lab fee analysis in the presentence [investigation report]." *Id.* This is a key distinction from the instant case. As a general rule, when the trial court orders restitution in its written judgment, but not its oral pronouncement of judgment, the oral pronouncement controls, and the appropriate remedy is to modify the judgment and delete the restitution order. *See Alexander*, 301 S.W.3d at 363-64. Under the facts of this case, we agree with the analysis in *Alexander*. *See id.* Accordingly, we sustain Appellant's first issue. Because we have sustained Appellant's first issue, we need not address Appellant's second issue.

## DISPOSITION

We *modify* the judgment of the trial court to delete the language requiring payment of restitution. As modified, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered January 26, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

App.—Waco May 19, 2010, pet. ref'd) (mem. op., not designated for publication) (payment to DPS constitutes reparations).