COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00299-CR

 

 


 
 
 Donald Ray Britton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Donald Ray Britton of driving while intoxicated–subsequent
offense, found the enhancement allegation true, and sentenced him to twenty
years’ confinement.  Britton’s court-appointed appellate counsel has filed a
motion to withdraw as counsel and a brief in support of that motion.  In the
brief, counsel avers that in his professional opinion, the appeal is
frivolous.  Counsel’s brief and motion meet the requirements of Anders v.
California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.  See 386
U.S. 738, 87 S. Ct. 1396 (1967).  Britton filed a pro se brief
raising several issues.  The State declined to submit a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record, counsel’s brief, and Britton’s briefs.  The
judgment contains a clerical error.  The indictment contains two enhancement
paragraphs, and the judgment reflects that Britton entered pleas of “True” to
the first and second enhancement paragraphs and that the jury made a finding of
“True” to both enhancement paragraphs.  The record, however, reflects that
Britton entered a plea of “Not true” to the first enhancement paragraph and that
he did not enter any plea to the second enhancement paragraph.[2] 
We may correct and modify the judgment of a trial court to make the record
speak the truth when we have the necessary data and information to do so, or to
make any appropriate order as the law and nature of the case may require.  Davis
v. State, No. 01-02-00404-CR, 2003 WL 139655, at *1 (Tex. App.—Houston [1st
Dist.] Jan. 9, 2003, no pet.) (mem. op., not designated for publication)
(modifying judgment in Anders appeal to reflect proper plea).  Accordingly,
we modify the judgment of conviction to reflect (1) that Britton entered a
plea of “NOT TRUE” to the first enhancement paragraph; (2) that the plea
to the second enhancement paragraph is “N/A”; and (3) that the finding on
the second enhancement paragraph is “N/A.”  See id.; see also
Alexander v. State, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no
pet.) (modifying judgment in Anders appeal); Glenn v. State, No.
01-07-01056, 2009 WL 1688198, at *3 (Tex. App.—Houston [1st Dist.] June 18,
2009, pet ref’d) (mem. op., not designated for publication) (modifying judgment
to reflect proper pleas and finding to enhancement paragraphs).

          Except
for the necessary modification to the judgment, we agree with counsel that this
appeal is wholly frivolous and without merit; we find nothing else in the
record that arguably might support an appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Alexander, 301
S.W.3d at 364.

Accordingly, we grant counsel’s motion to
withdraw and affirm the trial court’s judgment as modified.

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MEIER,
JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
September 15, 2011









[1]See Tex. R. App. P. 47.4.





[2]Indeed, the charge on
punishment references only the first enhancement paragraph when instructing the
jury on the range of punishment for a second degree felony, and the verdict
form that the jury signed states that the jury found that “Enhancement
Paragraph One is true.”