

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00299-CR

DONALD RAY BRITTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Donald Ray Britton of driving while intoxicated–subsequent offense, found the enhancement allegation true, and sentenced him to twenty years' confinement. Britton's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by

---

[1]*See* Tex. R. App. P. 47.4.

presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). Britton filed a pro se brief raising several issues. The State declined to submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Britton's briefs. The judgment contains a clerical error. The indictment contains two enhancement paragraphs, and the judgment reflects that Britton entered pleas of "True" to the first and second enhancement paragraphs and that the jury made a finding of "True" to both enhancement paragraphs. The record, however, reflects that Britton entered a plea of "Not true" to the first enhancement paragraph and that he did not enter any plea to the second enhancement paragraph.[2] We may correct and modify the judgment of a trial court to make the record speak the truth when we have the necessary data and information to do so, or to make any

---

[2]Indeed, the charge on punishment references only the first enhancement paragraph when instructing the jury on the range of punishment for a second degree felony, and the verdict form that the jury signed states that the jury found that "Enhancement Paragraph One is true."

2

appropriate order as the law and nature of the case may require. *Davis v. State*, No. 01-02-00404-CR, 2003 WL 139655, at *1 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, no pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* appeal to reflect proper plea). Accordingly, we modify the judgment of conviction to reflect (1) that Britton entered a plea of "NOT TRUE" to the first enhancement paragraph; (2) that the plea to the second enhancement paragraph is "N/A"; and (3) that the finding on the second enhancement paragraph is "N/A." *See id.*; *see also Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (modifying judgment in *Anders* appeal); *Glenn v. State*, No. 01-07-01056, 2009 WL 1688198, at *3 (Tex. App.—Houston [1st Dist.] June 18, 2009, pet ref'd) (mem. op., not designated for publication) (modifying judgment to reflect proper pleas and finding to enhancement paragraphs).

Except for the necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Alexander*, 301 S.W.3d at 364.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.


                                                    BILL MEIER
                                                    JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 15, 2011