In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00047-CR
_____

**MARVIN ROBERTS AKA ALLEN ANDERSON
AKA MARVIN ROBERTS III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-14739**

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Marvin Roberts[1] pled guilty to the

offense of Evading Arrest or Detention with Previous Convictions. The trial court

found the evidence sufficient to find Roberts guilty, but deferred finding him

guilty. The trial court placed Roberts on community supervision for four years and

assessed a fine of $750. The State subsequently filed a motion to revoke Roberts'

_____

[1] Marvin Roberts is also known as Allen Anderson and Marvin Roberts III.

1

unadjudicated community supervision. Roberts pled "true" to four violations of the terms of his community supervision. The trial court found that Roberts violated the terms of the community supervision order, found Roberts guilty of Evading Arrest or Detention with Prior Convictions, revoked Roberts' community supervision, and imposed a sentence of two years of confinement.

Roberts' appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for appellant to file a *pro se* brief. We received no response from the appellant.

After reviewing the record, we note that the manner in which the trial court worded the judgment creates ambiguity regarding whether the trial court intended its final judgment to include a fine. On page two of the judgment, the trial court summarizes its prior order deferring Roberts' adjudication of guilt in this case. The trial court indicates that it assessed Roberts a fine of $750. In the section directly below this summary, the trial court selected the punishment option that states, "the Court [orders] Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above." Construing the language as including a fine appears to be a proper construction of

the judgment, and the State does not contest this construction. Had the trial court intended to include a fine in its written judgment, the fine must also be orally pronounced during sentencing. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). Because the trial court did not orally pronounce a fine when it sentenced Roberts, the trial court erred by including a fine in the final written judgment. Therefore, the fine must be deleted from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). We conclude that because the trial court failed to orally pronounce a fine at the sentencing hearing, the language in the written judgment stating that the defendant was required to pay "all fines" or stating that the defendant was required to pay "any remaining unpaid fines[]" should be deleted. *See Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (affirming trial court's judgment as modified where judgment included payment of restitution that was not orally pronounced).

We further note that the judgment identifies the statute for the offense as "38.04(a)(1)(A)" of the Penal Code, but this is inaccurate. The judgment identifies the offense as "[Evading Arrest/Detention with Previous Convictions]." It further

identifies the offense as a "[State Jail Felony.]" The body of the indictment alleges that Roberts:

> did then and there intentionally flee from, a person [Roberts] knew was a peace officer who was attempting lawfully to DETAIN [Roberts], and [Roberts] had previously been convicted of EVADING DETENTION on JULY 23, 2010 in Cause No. 282417 in the COUNTY COURT AT LAW #2 of Jefferson County, Texas[.]

Accordingly, we further modify the judgment to reflect the statute for the offense as "38.04(a), (b)(1)(A)" of the Penal Code. *See* Tex. Penal Code Ann. § 38.04(a), (b)(1)(A) (West Supp. 2012).

After reviewing the appellate record, we find no other arguable grounds for appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment as modified.[2]

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on September 16, 2013
Opinion Delivered September 25, 2013
Do not publish

Before Gaultney, Kreger, and Horton, JJ.

_____

[2] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.