

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00017-CR

**SCOTTY LEE DYER,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Hamilton County, Texas
### Trial Court No. CR07539

## MEMORANDUM OPINION

In one issue, appellant, Scotty Lee Dyer, argues that the trial court erred in assessing restitution in the written judgment. We affirm.

## I.    BACKGROUND

On March 26, 2009, appellant was charged by indictment with the state-jail felony offense of theft of $1,500 or more, but less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03(a)-(b), (e)(4)(A) (West Supp. 2013). Appellant entered a guilty plea to the charged offense and was subsequently placed on community supervision for a period

of five years with a $1,000 fine. The trial court also ordered that appellant pay $2,117.45 in restitution, among other things.

On March 21, 2012, the State filed a "Motion to Proceed With an Adjudication of Guilt," alleging that appellant violated numerous conditions of his community supervision. Among the violations alleged was that appellant committed another theft offense on or about November 21, 2010. At the hearing on the State's motion, appellant pleaded "true" to all of the alleged violations. The trial court adjudicated appellant's guilt and sentenced him to two years' incarceration in the State-Jail Division of the Texas Department of Criminal Justice with a $1,000 fine. In his oral pronouncement of appellant's sentence, the trial judge stated the following:

> Mr. Dyer, the Court having found you guilty of the offense as alleged in the indictment in this cause it is the sentence of this Court and I hereby assess a fine of a thousand dollars, plus your court costs, *all your financial obligations in probation matters are carried forward*, be further sentenced to the State Jail facility for a period of 24 months.

(Emphasis added).

Thereafter, the trial court certified appellant's right to appeal in this matter. Appellant filed a motion for new trial and a motion in arrest of judgment, both of which were overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). This appeal followed.

## II.   ANALYSIS

In his sole issue on appeal, appellant complains that the trial court's written judgment varies from the oral pronouncement of his sentence with respect to

restitution. Appellant relies heavily on the Fort Worth Court of Appeals' decision in *Alexander v. State*, 301 S.W.3d 361 (Tex. App.—Fort Worth 2009, no pet.).

In *Alexander*, the defendant was initially placed on community supervision with one of the conditions being that he pay restitution in the amount of $10,871.25. *Id.* at 362. Alleging that the defendant had violated four conditions of his community supervision, the State filed a motion to adjudicate the defendant's guilt. *Id.* The defendant pleaded "true" to the allegations, and the trial court subsequently found him guilty and sentenced him to ten years' confinement. *Id.* Nonetheless, the trial court's written judgment included an order that the defendant pay $10,311.25 in restitution, though the trial court's oral pronouncement did not. *Id.* The *Alexander* court determined that the oral pronouncement of the defendant's sentence varied from the written judgment. *Id.* at 363-64. And because the trial court did not orally pronounce that the defendant should pay $10,311.25 in restitution, that portion of the judgment was deleted. *Id.* at 364. Appellant argues that a similar fact scenario occurred here. We disagree.

Here, the trial court orally pronounced appellant's sentence to include "all your financial obligations in probation matters are carried forward," meaning that any financial obligations corresponding with appellant's community supervision are carried forward and still owed. And as mentioned above, appellant was originally ordered to pay $2,117.45 in restitution as a condition of his community supervision. Furthermore, in its written judgment, the trial court ordered appellant to pay $1,767.45 in restitution or, in other words, the balance of the original restitution that was still owed.

Based on the foregoing, we cannot say that the trial court's oral pronouncement of appellant's sentence varied from the written judgment. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (stating that, when there is conflict between the oral pronouncement of sentence and the written memorialization of that sentence, the oral pronouncement controls); *see also Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (noting that the judgment is merely the written declaration and embodiment of the oral pronouncement of sentence). Moreover, because the oral pronouncement and the written judgment did not vary, we do not find the *Alexander* case to be persuasive in this matter. Accordingly, we overrule appellant's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed January 9, 2014
Do not publish
[CR25]