

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00634-CR**
**NO. 02-12-00635-CR**
**NO. 02-12-00636-CR**

ROBERT ESPINOSA, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Robert Espinosa, Jr. of aggravated assault with a deadly weapon (a firearm) in three cases: trial court cause number 1234023D (our case number 02-12-00636-CR), trial court cause number 1234027D (our case number 02-12-00635-CR), and trial court cause number 1234029D (our

---

[1]*See* Tex. R. App. P. 47.4.

case number 02-12-00634-CR). *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). After finding the habitual offender allegation in each indictment to be true, the jury assessed his punishment at twenty-five years' imprisonment, life imprisonment, and fifty years' imprisonment, respectively. The trial court sentenced him accordingly, ordering that the sentences run concurrently.

Espinosa's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion for each case. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. This court afforded Espinosa the opportunity to file a brief on his own behalf, and he has done so. The State has informed us via letter that it would not file a brief.

As the reviewing court, we must conduct an independent evaluation of the records to determine whether counsel is correct in determining that the appeals are frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motions to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the records, counsel's brief, and Espinosa's brief. We find one clerical error in the judgment in each case. All three

_____

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

2

indictments contain habitual offender notices, alleging prior convictions for aggravated robbery with a deadly weapon (a firearm) from January 2, 2007, and for aggravated assault with a deadly weapon (a knife) from November 29, 2000. At the punishment stage of trial, when the trial court asked how Espinosa pleaded to the habitual offender notice in each case, Espinosa stood mute. The trial court instructed the jury, both on the record and in the jury charge on punishment, to treat Espinosa's standing moot as pleas of not true. However, the written judgment in each case states that Espinosa pleaded true to the habitual offender notice.[3]

We may correct and modify the judgment of a trial court to make the record speak the truth when we have the necessary data and information to do so, or to make any appropriate order as the law and nature of the case may require. *See Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (modifying judgment in *Anders* appeal). Accordingly, we modify the judgment of conviction in each case to reflect that Espinosa entered a plea of "Not True" to the "Habitual Paragraph." *See id.*; *Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that appellate courts have authority to reform judgments in *Anders* appeals and to affirm judgments as reformed); *see also Britton v. State*, No. 02-10-00299-CR, 2011 WL 4345288, at *1 (Tex. App.—Fort Worth Sept. 15, 2011, no pet.) (mem. op., not designated for

---

[3]The written judgment in each case correctly states that the jury made a finding of "True" to the habitual offender notice.

3

publication) (modifying judgment in *Anders* appeal to reflect proper plea), *pet. struck*, No. PD-1911-11, 2012 WL 836362 (Tex. Crim. App. Mar. 7, 2012).

Except for the necessary modifications to the judgments, we agree with counsel that these appeals are wholly frivolous and without merit; we find nothing else in the records or Espinosa's brief that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgments as modified. *See* Tex. R. App. P. 43.2(b).

PER CURIAM

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 20, 2014