In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00500-CR
_____

MICHAEL WEBB JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-15565

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Michael Webb Jr. entered a plea of guilty to the offense of burglary of a building. *See* Tex. Penal Code Ann. § 30.02 (West 2011). The trial court found the evidence sufficient to find Webb guilty, but deferred finding him guilty. The trial court placed Webb on community supervision for four years and assessed a fine of $500. The State subsequently filed a motion to revoke Webb's community supervision. Webb pled "true" to violating a condition of his community supervision. After a hearing on the State's

motion to revoke, the trial court found that Webb violated a condition of his community supervision order, found Webb guilty of burglary of a building, revoked Webb's community supervision, and imposed a sentence of two years of confinement.

Webb's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Webb with a copy of this brief. We granted an extension of time for appellant to file a pro se brief. We received no response from Webb.

After reviewing the clerk's record and the reporter's record, it is apparent that the trial court assessed restitution in the written judgment that it did not impose in the oral rendition of judgment. When the oral pronouncement of a sentence and the written judgment conflict, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004). When Webb received deferred adjudication, he was ordered to pay $1,500 in restitution to the victim of his offense. However, when a trial court adjudicates guilt, the order adjudicating guilt sets aside the order deferring adjudication. *Taylor*, 131 S.W.3d at 501-02. Because the trial court did not orally pronounce the restitution award when

it sentenced Webb, the trial court erred by including it in the final written judgment. Therefore, the restitution award must be deleted from the judgment. *See Taylor*, 131 S.W.3d at 502; *see also Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (affirming trial court's judgment as modified where judgment included payment of restitution that was not orally pronounced). We modify the trial court's written judgment to delete the restitution award of $1,500.

After reviewing the appellate record and the *Anders* brief, we find no other arguable grounds for appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief Webb's appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). As modified, we affirm the trial court's judgment.[1]

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on April 1, 2014
Opinion Delivered April 9, 2014
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

---

[1] Webb may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3