

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00379-CR

BRANDON WAYNE RUSSELL                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
## TRIAL COURT NO. CR12391

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brandon Wayne Russell appeals the trial court's judgment adjudicating him guilty of sexual assault of a child and sentencing him to twenty years' confinement. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.011 (West 2011). We will modify the judgment and the order to withdraw funds attached to

---

[1]*See* Tex. R. App. P. 47.4.

the judgment to delete the fine imposed by the trial court and, as modified, affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

As part of a plea bargain, Russell pleaded guilty to the offense of sexual assault of a child, the trial court deferred the adjudication of his guilt, and the trial court placed him on ten years' community supervision and ordered him to pay a $1,500 fine. Approximately two years after the trial court entered its deferred-adjudication order, the State filed a motion to proceed with adjudication, alleging that Russell had committed violations of the terms and conditions of his community supervision. The trial court held a hearing on the State's motion to adjudicate, and Russell pleaded true to all of the State's allegations. The trial court adjudicated Russell guilty of sexual assault of a child and sentenced him to twenty years' confinement. Although the trial court did not include a fine in its oral pronouncement of Russell's sentence, its written judgment adjudicating guilt contains an $893.98 fine. Russell timely filed a notice of appeal from the trial court's judgment.

Russell's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel states that following a careful, diligent, and thorough examination of the appellate record and relevant law, he could find no error warranting reversal. Counsel contends, however, that the fine imposed was improper and that the judgment should be modified to delete the fine. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of

2

the record demonstrating why there are no arguable grounds for appeal but for the requested modification of the judgment. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967); *Boone v. State*, No. 02-15-00417-CR, 2016 WL 4040563, at *2 (Tex. App.—Fort Worth July 28, 2016, no pet. h.) (mem. op., not designated for publication) ("We may modify the judgment in an *Anders* appeal and affirm the judgment as modified.").

In compliance with *Kelly v. State*, counsel notified Russell of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Russell's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Russell the opportunity to file a response on his own behalf, but he did not do so. The State filed a letter brief in which it agreed that the fine should be deleted from the judgment. The State also averred that, but for the fine, there are no arguable grounds for relief and that Russell's appeal is frivolous.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

3

We have carefully reviewed the record, counsel's brief, and the State's letter brief, and we have determined that the trial court's judgment requires correction with regard to the assessment of the $893.98 fine that appears in the trial court's written judgment adjudicating guilt and the order to withdraw funds from Russell's inmate trust account, which was attached to and incorporated into the written judgment. We may modify the judgment in an *Anders* case and affirm the judgment as modified. *Boone*, 2016 WL 4040563, at *2; *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The trial court did not assess a fine during its oral pronouncement of Russell's sentence, but the written judgment adjudicating guilt includes an $893.98 fine, and that fine is reflected in the order to withdraw funds from Russell's inmate trust account.[2] When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Boone*, 2016 WL 4040563, at *2 (citing *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004)). And when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 502; *Boone*, 2016 WL 4040563, at *2.

---

[2]The judgment reflects a fine totaling $893.98, as well as court costs of $354.02, for a total of $1,248. The order to withdraw funds references "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of $1248.00."

Although the trial court included a fine in the order of deferred adjudication, the subsequent judgment adjudicating Russell's guilt set aside that order. *Boone*, 2016 WL 4040563, at *2 (citing *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.)). Accordingly, because the trial court did not include a fine in its oral pronouncement of sentence at Russell's revocation hearing, we modify the trial court's judgment adjudicating guilt to delete the $893.98 fine; the sum of $893.98 must also be removed from the order to withdraw funds from Russell's inmate trust account.[3] *See Taylor*, 131 S.W.3d at 502; *Boone*, 2016 WL 4040563, at *2; *Alexander*, 301 S.W.3d at 363.

Except for these necessary modifications to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 26, 2016

---

[3]The pertinent section of that order should now read: "Court costs, fees and/or fines and/or restitution have been incurred in the amount of $354.02."