

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00021-CR

———————————————

KENVANTE DESHUN GATEWOOD AKA
KENVANTE DESHAWN GATEWOOD, Appellant

v.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1499235D

Before Walker, Gabriel, and Kerr, JJ.
Per Curiam

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement, Appellant Kenvante Deshun Gatewood a/k/a Kenvante Deshawn Gatewood pleaded guilty to burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(c)(2) (West Supp. 2017). The trial court placed him on ten years' deferred-adjudication community supervision and ordered him to pay a $1,000 fine. The State later filed a petition to proceed to adjudication, alleging that Gatewood had violated two conditions of his community supervision. Gatewood pleaded "true" to both violations. The trial court found that the two violations were true, adjudicated Gatewood guilty, and sentenced him to seven years' confinement. The trial court's written judgment adjudicating guilt ordered Gatewood to pay a $1,000 fine and $440 in reparations. Gatewood appeals from the trial court's judgment of conviction and sentence.

Gatewood's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Gatewood of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Gatewood's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim.

2

App. 2014). This court afforded Gatewood the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires modification with regard to the assessment of a $1,000 fine that appears in both the trial court's written judgment adjudicating guilt and the order to withdraw funds from Gatewood's inmate trust account. The trial court did not orally assess a fine during its oral pronouncement of Gatewood's sentence; rather, it specifically stated that it would give him credit for "any remaining fines that may be owed" since he was found to be indigent. But the written judgment adjudicating guilt includes the fine. Although the trial court included a "Not Suspended" $1,000 fine in the order of deferred adjudication, the judgment adjudicating Gatewood's guilt set aside the prior deferred order, including the fine. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). The trial court's oral pronouncement of sentence controls over its written judgment to the extent they

3

conflict. *Taylor*, 131 S.W.3d at 502; *Alexander*, 301 S.W.3d at 363. Because the trial court did not include a fine in its oral pronouncement of sentence at the hearing on the State's petition to proceed to adjudication, we modify the trial court's judgment adjudicating guilt to delete the $1,000 fine, which must also be removed from the incorporated order to withdraw funds from Gatewood's inmate trust account. *See Taylor*, 131 S.W.3d at 502 (holding that fine should have been deleted from written judgment when trial court did not orally pronounce fine during sentencing); *Mitchell v. State*, No. 02-17-00112-CR, 2017 WL 6759032, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op., not designated for publication) (deleting fine from both the judgment adjudicating guilt and the incorporated order to withdraw funds from appellant's inmate trust account).

The trial court's judgment adjudicating Gatewood's guilt also requires modification with regard to the assessment of reparations in the amount of $440. We have previously held that when reparations are comparable to fees, and are therefore not punishment and not part of a defendant's sentence, reparations do not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication). On several prior occasions, however, we have struck reparations when a balance sheet described them only as "Due to CSCD" because we were unable to determine the authority for the imposition. *See Smith v. State*, Nos. 02-16-00412-CR,

4

02–16–00413–CR, 2017 WL 2276751, at *2–3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication); *Sanchez v. State*, No. 02-15-00215-CR, 2016 WL 7405798, at *4 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication).

Here, a balance sheet contained in the clerk's record confirms that of the $440 in total reparations owed by Gatewood, $360 is for "PROBATION FEES" and $80 is "DUE TO CSCD." Consistent with our precedent above, we modify the judgment adjudicating Gatewood's guilt to reduce the amount of reparations owed by Gatewood by $80.00 for a total of $360.00, which must also be reflected in the incorporated order to withdraw funds from Gatewood's inmate trust account.

Except for these necessary modifications to the judgment adjudicating guilt and the incorporated order to withdraw funds from Gatewood's inmate trust account, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 27, 2018