

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00134-CR**

**GARY LAYNE SMITH,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 39,230**

## MEMORANDUM OPINION

Appellant, Gary Layne Smith, pled guilty to unlawful possession of a controlled substance, morphine, in an amount greater than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE § 481.115(c). Pursuant to a plea bargain, the trial court deferred adjudication of guilt and placed Smith on community supervision for five years. Subsequently, the State filed an application to adjudicate guilt, and after a hearing, the trial court found all but three of the allegations contained in the State's application to be true. The trial court found Smith guilty and sentenced him to seven and one-half years in prison. Because we sustain Smith's issues on appeal, we modify the trial court's judgment and affirm it as modified.

**RESTITUTION**

In his first two issues, Smith complains that the trial court erred by requiring him to repay extradition expenses and unpaid community-supervision fees. In its judgment, the trial court specifically assessed these two amounts as "restitution". Restitution is part of punishment. *See Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014). And because it is part of punishment, restitution must be pronounced on the record as part of the sentence. *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (*acknowledged by Burt v. State*, 445 S.W.3d 752, 760 n.33 (Tex. Crim. App. 2014)). In this case, it was not. Therefore, the trial court's judgment is erroneous.

Issues one and two are sustained, and the judgment is modified to delete the restitution amounts of $516.35 and $562.00.[1]

**TRUE OR NOT TRUE**

In his third issue, Smith contends the judgment recites that he pled "true" to the allegations contained in the State's application to adjudicate guilt when he pled "not true." The record reflects that at the March 27, 2019, revocation hearing, Smith pled "not true" to all of the State's allegations. However, the judgment adjudicating guilt mistakenly indicates that Smith pled "true" to allegations 1, 2, 3, 4, 8, 9, 10, 11, and 12. We agree with Smith that the judgment should be modified.

A court of appeals has authority to correct or reform a judgment to make the record speak the truth when it has information to do so. *See* TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (interpreting former Rule

---

[1] To the extent that a certified bill of cost in this case has been prepared, we also modify it by striking the assessment of these amounts. *See e.g.*, *Bryant v. State*, No. 10-18-00352-CR, 2021 Tex. App. LEXIS 6000, at *3 (Tex. App.—Waco July 28, 2021, no pet. h.) (publish).

of Appellate Procedure 80, the precursor to rule 43.2); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, Smith's third issue is sustained, and we modify the trial court's judgment adjudicating guilt to reflect a "NOT TRUE" entry under the heading, "Plea to Motion to Adjudicate."

**CONCLUSION**

Because each of Smith's issues on appeal have been sustained, the trial court's judgment adjudicating guilt is modified to: (1) eliminate restitution as ordered for the extradition and unpaid community supervision fees;[2] and (2) reflect a "NOT TRUE" entry under the heading, "Plea to Motion to Adjudicate." The trial court's judgment is, therefore, affirmed as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[3]
     (Justice Johnson dissenting and concurring)
Affirmed as modified
Opinion delivered and filed August 31, 2021
Do not publish
[CR25]



---

[2] To the extent a certified bill of costs exists which also includes these fees, the extradition fees in the amount of $516.35 and the unpaid community supervision fees in the amount of $562.00 are stricken

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.