In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00248-CR**
_____

**ROBERT LLOYD HOLCOMB JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 13,571**
_____

**MEMORANDUM OPINION**

A jury found Robert Lloyd Holcomb Jr. guilty of possession with intent to deliver a controlled substance and also found that Holcomb used or exhibited a deadly weapon during the commission of the offense. The trial court assessed Holcomb's punishment at twenty years of imprisonment and assessed $180 in restitution. Holcomb's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See*

*Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

On August 23, 2021, we granted an extension of time for Holcomb to file a *pro se* brief. Holcomb filed a *pro se* response. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or *pro se* response. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, in reviewing the record, we observed that the judgment includes restitution that was not orally pronounced by the trial court. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify the judgment in an *Anders* case and to affirm the judgment as modified).

Restitution is punishment, and it must be included in the oral pronouncement. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *see Taylor v. State*,

2

131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). Accordingly, we must modify the judgment to remove the "$180.00" in restitution and reflect a restitution amount of "$0." We affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on November 17, 2021
Opinion Delivered December 1, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

---

[1]Holcomb may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.