

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00149-CR

_____

KYNEDRIC DESHUN JACKSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1469185D

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Kynedric Deshun Jackson appeals the trial court's order finding true allegations in the State's petition to proceed to an adjudication, adjudicating Jackson guilty of the offense of deadly conduct, and sentencing him to three years' incarceration. *See* Tex. Penal Code Ann. § 22.05(b)(1), (e). In two points, Jackson argues that (1) the judgment erroneously awards restitution because the trial court did not orally order restitution during sentencing, and (2) the judgment erroneously assesses a reimbursement fee. The State responds by agreeing with Jackson's first point and, regarding Jackson's second point, by asserting that an order nunc pro tunc moots it. We sustain Jackson's first point and modify the judgment to delete any restitution, and we deny Jackson's second point as moot—the trial court's order nunc pro tunc having already granted Jackson the relief he sought. As modified, we affirm the trial court's judgment.

## II. BACKGROUND

The State indicted Jackson in October 2016 for aggravated assault. In April 2017, Jackson pleaded guilty to the lesser-included offense of deadly conduct, and the trial court placed Jackson on deferred adjudication community supervision for six years.

Several years later, in October 2021, the State filed a petition to proceed to an adjudication, Jackson pleaded true to the allegations in the State's petition, the trial

2

court found the State's allegations true, and the trial court found Jackson guilty of the offense of deadly conduct and sentenced him to three years' incarceration. When sentencing Jackson, the trial court did not order any restitution.

The trial court's judgment, however, orders Jackson to pay $90 in restitution. The judgment also orders Jackson to pay $10 in reimbursement fees. Jackson attacks both awards.

## III.  JACKSON'S POINTS

### A.  RESTITUTION

Restitution is part of a defendant's punishment; thus, when sentencing a defendant, the trial court must orally pronounce any restitution in the defendant's presence. *See Burt v. State*, 445 S.W.3d 752, 756–57 (Tex. Crim. App. 2014); *see also Alexander v. State*, 301 S.W.3d 361, 363–64 (Tex. App.—Fort Worth 2009, no pet.). If the trial court did not orally pronounce any restitution, but the judgment includes restitution, the restitution must be deleted from the written judgment. *See Alexander*, 301 S.W.3d at 364.

Here, Jackson contends (and the State agrees) that the restitution ordered in the written judgment is improper because the trial court did not orally pronounce any restitution at the sentencing hearing. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Church v. State*, No. 02-17-00049-CR, 2018 WL 4183076, at *2 (Tex. App.—Fort Worth, Aug. 31, 2018, no pet.) (mem. op., not designated for

publication). We agree, and we thus sustain Jackson's first point and modify the judgment to delete the restitution award.

## B. REIMBURSEMENT

Jackson next complains that the judgment includes an improper reimbursement fee. The State responds that after Jackson filed his brief, the trial court signed a judgment nunc pro tunc order deleting the reimbursement fee and that Jackson's second point is, therefore, now moot. We agree and deny Jackson's second point as moot. *See Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667, at *7 (Tex. App.—Dallas July 26, 2022, pet. ref'd) (mem. op., not designated for publication) (denying State's cross-point seeking to correct clerical error because trial court signed an order nunc pro tunc correcting the complained-of clerical error).

## IV. CONCLUSION

We deny Jackson's second point as moot. We sustain Jackson's first point, modify the judgment to delete any restitution, and as modified, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 29, 2022

4