**Opinion filed June 25, 2015**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00362-CR & 11-14-00363-CR

_____

## DOMINGO MARTIN CERNA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause Nos. 07-6707 & 08-6796**

## MEMORANDUM OPINION

In each cause at issue in this appeal, Appellant, Domingo Martin Cerna, pleaded guilty in November 2008 to the offense of burglary of a habitation. In one cause, the trial court convicted Appellant and, after some "shock" time, ultimately placed Appellant on community supervision for a term of ten years; in the other cause, the trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a term of ten years. In 2011, the trial court modified the terms and conditions of Appellant's community supervision based upon applications filed by the State. In May 2014, the State filed an application to revoke community supervision and an application to proceed with an adjudication of guilt. The State's applications alleged multiple violations of the

terms and conditions of community supervision. At the hearing on the applications, Appellant did not plead true, but he testified and admitted that he had violated the terms and conditions of his community supervision. The trial court found the alleged violations to be true, adjudicated Appellant guilty in one cause, revoked his community supervision in both causes, and assessed his punishment at confinement for a term of ten years in each cause, to run concurrently. We modify the judgment in one cause and dismiss both appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the briefs and the appellate records and has advised Appellant of his right to review the records and file a response to counsel's briefs. Appellant has not filed a pro se response in either cause.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's briefs.

the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

In our review of the records, however, we note that there is a variation between the oral pronouncement of sentence and the written judgment in Cause No. 11-14-00363-CR (trial court cause no. 08-6796). The judgment includes a fine of $2,457.50 and restitution in the amount of $4,047.54. When the trial court adjudicated Appellant's guilt in cause no. 08-6796, assessed punishment, and orally pronounced the sentence in open court, the trial court did not mention any fine or restitution. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2014); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred).

Because the trial court did not mention any fine or restitution when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment in cause no. 08-6796 to delete the fine and the restitution.[2] *See Taylor*, 131 S.W.3d at 502 (fine);

_____

[2]We note that the judgment in trial court cause no. 07-6707 need not be modified even though the trial court did not mention the $1,450 fine during the revocation proceeding but included the fine in the written judgment; cause no. 07-6707 involves the revocation of regular community supervision, not deferred adjudication. *See Taylor*, 131 S.W.3d at 500; *Coffey*, 979 S.W.2d at 329.

*Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (restitution); *see also Cox v. State*, No. 02-13-00596-CR, 2015 WL 831544 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication); *Broussard v. State*, No. 14-12-00071-CR, 2012 WL 1900043 (Tex. App.—Houston [14th Dist.] May 24, 2012, no pet.) (mem. op., not designated for publication); *Brasfield v. State*, No. 13-08-00699-CR, 2009 WL 2929275 (Tex. App.—Corpus Christi Aug. 25, 2009, no pet.) (mem. op., not designated for publication). Other than the necessary reformation of the judgment in trial court cause no. 08-6796, we agree with counsel that these appeals are frivolous and without merit.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We modify the judgment of the trial court in cause no. 08-6796 to delete the $2,457.50 fine and the $4,047.54 in restitution. Finding that the appeals are otherwise meritless, we grant counsel's motions to withdraw and dismiss the appeals.


June 25, 2015                                                PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.