

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00417-CR

TREY ETHAN BOONE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12670

----------

## MEMORANDUM OPINION[1]

----------

Appellant Trey Ethan Boone appeals from the adjudication of his guilt for aggravated sexual assault of a child, which previously had been deferred, and from his resulting fifty-year sentence. We modify the judgment and the attached order to withdraw funds to delete the fine and restitution amounts and, as modified, affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

---

[1]*See* Tex. R. App. P. 47.4.

Boone was indicted with two counts of aggravated sexual assault of a child and with two counts of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11 (West 2011), § 22.021 (West Supp. 2015). As part of a plea bargain, he pleaded guilty to one count of aggravated sexual assault of a child, the trial court deferred the adjudication of his guilt, and the trial court's order of deferred adjudication reflects that it placed him on ten years' community supervision, and that it ordered him to pay a $1,500 fine and $114 in restitution. The State dismissed the three remaining counts in the indictment.

A little more than a year after the trial court entered its deferred-adjudication order, the State filed a motion to proceed with an adjudication of guilt, alleging that Boone had committed thirteen violations of the terms and conditions of his community supervision. The trial court held a hearing on the State's motion to adjudicate, and Boone pleaded true to all thirteen allegations. Thereafter, the trial court adjudicated Boone guilty of aggravated sexual assault of a child and sentenced him to fifty years' confinement. Although the trial court did not include a fine or order restitution in its oral pronouncement of Boone's sentence, its written judgment adjudicating guilt contains a $1,500 fine and order to pay $74 in restitution. Boone filed a combined motion for new trial and motion in arrest of judgment, arguing that his sentence was "contrary to the law and the evidence and [was] excessive." Tex. R. App. P. 21.3(h), 22.2(c). The trial court held a hearing and denied the motions. Boone then timely filed a notice of appeal from the trial court's judgment.

Boone's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that following a careful, diligent, and thorough examination of the appellate record and relevant law, he could find no arguable or meritorious grounds upon which this appeal could be based. Counsel further states his professional opinion that the basis of any appeal of this case would be frivolous in nature. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Counsel certifies that he provided Boone with a copy of his motion to withdraw, his brief in support, the clerk's record, and the reporter's record, and that he advised Boone of his right to review the record, to file a response, and to file a petition for discretionary review. We also notified Boone of his right to file a pro se response. Thereafter, Boone notified us that he intended to file a pro se response to his counsel's brief, and he requested a copy of the reporter's record. The full appellate record was subsequently provided to him, and we again notified Boone of the deadline for filing a response to his counsel's brief. However, Boone did not file a response. The State notified us that it would not be filing a response to appellant's counsel's motion to withdraw and *Anders* brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have an obligation to undertake an independent examination of the record.

3

*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires correction with regard to the assessment of a $1,500 fine and $74 in restitution that appears in the trial court's written judgment adjudicating guilt and the order to withdraw funds from Boone's inmate trust account, which was incorporated by reference into the written judgment. We may modify the judgment in an *Anders* appeal and affirm the judgment as modified. *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The trial court did not assess a fine or order restitution during its oral pronouncement of Boone's sentence, but the written judgment adjudicating guilt includes a $1,500 fine and $74 restitution order, and the December 9, 2015 bill of costs prepared by the Hood County District Clerk reflects that Boone still owed the entire $1,500 fine. When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines or restitution orders. *See Taylor v. State*, 131 SW.3d 497, 502 (Tex. Crim. App. 2004) (reasoning that appellant was not sentenced until his guilt was adjudicated and that the trial court

4

was required to orally pronounce fine during sentencing); *Wordlaw v. State*, Nos. 02-14-00286-CR, 02-14-00287-CR, 2015 WL 505231, at *1 (Tex. App.—Fort Worth Feb. 5, 2015, no pet.) (mem. op., not designated for publication) (noting that written judgment could not include fine or restitution order because neither were orally pronounced).  And when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Taylor*, 131 S.W.3d at 500, 502.

Although the trial court included fine and restitution amounts in the order of deferred adjudication, the subsequent judgment adjudicating Boone's guilt set aside that order.  *See Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.).  Accordingly, because the trial court did not include a fine or order of restitution in its oral pronouncement of sentence at Boone's revocation hearing, we modify the trial court's judgment adjudicating guilt to delete the $1,500 fine and $74 in restitution, which must also be removed from the order to withdraw funds from Boone's inmate trust account.  *See Taylor*, 131 S.W.3d at 502; *see also Cox v. State*, No. 02-13-00596-CR, 2015 WL 831544, at *1 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication) (reforming judgment adjudicating guilt to delete fine not included in oral pronouncement of sentence); *Alexander*, 301 S.W.3d at 364 (reforming judgment adjudicating guilt to delete restitution not included in oral pronouncement of sentence).

Except for these necessary modifications to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 28, 2016