

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00046-CR

STEVEN SHANE CREED                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
## TRIAL COURT NO. CR13008

----------

## MEMORANDUM OPINION[1]

----------

Appellant Steven Shane Creed appeals from the adjudication of his guilt for possession of less than one gram of methamphetamine, which previously had been deferred, and 24-month sentence. We modify the trial court's judgment and affirm it as modified. *See* Tex. R. App. P. 43.2(b).

----

[1]*See* Tex. R. App. P. 47.4.

Creed was indicted for the state-jail-felony offense of possession of less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a)–(b) (West 2010). As part of a plea-bargain agreement, Creed pleaded guilty to the indictment,[2] the adjudication of his guilt was deferred, and he was placed on community supervision for four years. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2016). Approximately one month later, the State filed a motion to proceed with an adjudication of Creed's guilt, alleging that Creed had failed to comply with several terms of his community supervision. Creed waived his right to have a hearing on the State's motion and requested that his community supervision be continued. The trial court continued Creed's community supervision but modified the terms to require Creed to serve 120 days in the county jail and report to the community-supervision department weekly after his release. *See id.* art. 42.12, § 12(c) (West Supp. 2016). Five months later, the State filed a second motion to proceed with an adjudication of Creed's guilt, alleging that Creed had violated several community-supervision terms and conditions. Creed pleaded true to each violation allegation. The trial court held a hearing,[3] adjudicated Creed guilty of possession of less than one

---

[2]Creed signed a judicial confession, swearing that he committed every element of the charged offense and that he was pleading guilty "of my own free will because I am guilty and for no other reasons."

[3]Creed testified at the adjudication hearing and asserted that he was innocent of the underlying offense.

gram of methamphetamine, and orally imposed a sentence of 24 months' confinement in a state-jail facility. *See id.* art. 42.12, § 5(b).

Creed filed a motion for new trial, arguing that he "was not allowed to present sentencing evidence in the case." *See* Tex. R. App. P. 21. The motion was deemed denied. *See* Tex. R. App. P. 21.8(c). Creed timely filed a notice of appeal from the trial court's judgments. *See* Tex. R. App. P. 26.2(a). Creed's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that, in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Creed did not respond to counsel's brief or motion although both counsel and this court advised him of his right to do so.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

3

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires modification with regard to the assessment of a $1,500 fine and $210.50 in restitution that appears in the trial court's written judgment adjudicating guilt and the order to withdraw funds from Creed's inmate trust account. The trial court did not orally assess a fine or order restitution during its oral pronouncement of Creed's sentence, but the written judgment adjudicating guilt includes the fine and restitution amounts. Although a $1,500 fine and $180 in restitution were included in the order of deferred adjudication, the judgment adjudicating Creed's guilt set aside the prior deferred order, including the fine and restitution. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.); *see also Wordlaw v. State*, Nos. 02-14-00286-CR, 02-14-00287-CR, 2015 WL 505231, at *1 (Tex. App.—Fort Worth Feb. 5, 2015, no pet.) (mem. op., not designated for publication) (noting that written judgment could not include fine or restitution order because neither were orally pronounced). Of course, the trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict. *Taylor*, 131 S.W.3d at 500, 502. Accordingly, because the trial court did not include a fine or order of restitution in its oral pronouncement of sentence at Creed's revocation hearing, we modify the trial court's judgment adjudicating guilt to delete the $1,500 fine and $210.50 in restitution, which must also be removed from the incorporated order to withdraw funds from Creed's inmate trust account. *See id.* at 502; *Cox*

4

*v. State*, No. 02-13-00596-CR, 2015 WL 831544, at *1 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication) (reforming judgment adjudicating guilt to delete fine not included in oral pronouncement of sentence); *Alexander*, 301 S.W.3d at 364 (reforming judgment adjudicating guilt to delete restitution not included in oral pronouncement of sentence).

Except for this modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw, modify the trial court's judgment to delete the fine and restitution amounts, and affirm it as modified. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (modifying judgment in *Anders* appeal and affirming judgment as modified).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016

5