

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00269-CR

JAREL T. MONTEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR14-0763

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea-bargain agreement, Appellant Jarel T. Montez pleaded guilty to unauthorized use of a motor vehicle. *See* Tex. Penal Code Ann. § 31.07(a) (West 2016). The trial court placed him on three years' deferred adjudication community supervision and ordered him to pay a $1,500 fine and $500 as restitution. The State later filed a petition to proceed to adjudication,

---

[1]*See* Tex. R. App. P. 47.4.

alleging that Montez had violated six conditions of his community supervision. Montez pleaded "true" to all six violations. The trial court found that the six violations were true, adjudicated Montez guilty, and sentenced him to eighteen months' confinement. The trial court's written judgment included an order that Montez pay a $1,500 fine and $500 as restitution. Montez appeals from the trial court's judgment of conviction and sentence.

Montez's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Montez of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Montez's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Montez the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only

2

then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. The record shows that after the trial court adjudicated Montez's guilt, it did not include any fine or restitution order in its oral pronouncement of Montez's sentence. Yet the trial court's written judgment adjudicating Montez's guilt includes an order that he pay a $1,500 fine and $500 in restitution.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Alexander*, 301 S.W.3d at 363. The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

When an accused receives deferred adjudication, no sentence is imposed. *Alexander*, 301 S.W.3d at 363. When the accused violates a condition of community supervision, the court may proceed to adjudicate guilt and to assess punishment. *Taylor*, 131 S.W.3d at 499; *Alexander*, 301 S.W.3d at 363. Thus,

when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines or restitution. *Taylor*, 131 S.W.3d at 501–02; *Alexander*, 301 S.W.3d at 363.

Here, the judgment adjudicating Montez's guilt set aside the unadjudicated judgment previously entered by the trial court that included the requirement that he pay a $1,500 fine and $500 in restitution. *See Taylor*, 131 S.W.3d at 502; *Alexander*, 301 S.W.3d at 364. The trial court's oral pronouncement of Montez's sentence did not include any fine or restitution. Because the requirement that Montez pay a fine and restitution is punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Taylor*, 131 S.W.3d at 502 (holding that fine should have been deleted from written judgment when trial court did not orally pronounce fine during sentencing); *Alexander*, 301 S.W.3d at 364 (affirming judgment in *Anders* case with modification deleting language regarding payment of restitution). Thus, we modify the trial court's judgment to delete the language regarding the payment of the fine and restitution.[2] *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—

---

[2]We note that the trial court's written judgment also includes assessments for court costs and a legal fee reimbursement, neither of which were pronounced orally during sentencing. But these assessments do not need to be deleted from the written judgment because they are not punitive in nature. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (holding that court costs need not be orally pronounced because they are compensatory, rather than punitive, in nature).

Fort Worth 2005, no pet.) (holding that appellate court has authority to modify judgment in an *Anders* case and to affirm judgment as modified).

Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, SUDDERTH, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 6, 2017

5