**AFFIRMED as MODIFID and Opinion Filed January 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00155-CR

**CURTIS DEAN JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 069028**

## MEMORANDUM OPINION
Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Osborne

Appellant Curtis Dean Johnson was convicted on an "open" plea of guilty of possession of methamphetamine in an amount greater than one gram but less than four grams. Appellant entered pleas of true to two enhancement paragraphs. After a hearing on punishment, the trial court sentenced appellant to fifty years' imprisonment.

In a single issue on appeal, appellant claims that the trial court's judgment improperly includes restitution because a restitution order was not part of the oral pronouncement of sentence. In a letter filed with this Court, the State concurs with appellant's allegation.[1]

---

[1] The State declined to file a brief in this case.

The written judgment entered by the trial court requires appellant to pay restitution in the amount of $180.00. The trial court, however, in pronouncing sentence orally, made no mention of restitution.

A defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a). The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.01. A trial judge has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant but then enter a different written judgment outside the defendant's presence. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500.

Restitution is considered punishment. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *see also Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Any restitution amount must be orally pronounced. *See Taylor*, 131 S.W.3d at 502; *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App. — Fort Worth 2009, no pet.).

We have the authority to modify an incorrect judgment when the evidence necessary to correct that judgment appears in the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Because the $180.00 restitution amount included in the judgment did not comport with the trial court's oral pronouncement of sentencing, it was error to include the restitution amount in the judgment.

We modify the trial court's written judgment to delete the restitution amount and affirm the judgment as modified.

/Leslie Osborne/
_____
LESLIE OSBORNE
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)
190155F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CURTIS DEAN JOHNSON, Appellant

No. 05-19-00155-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 069028.
Opinion delivered by Justice Osborne.
Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The amount of restitution is deleted.

as **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 28, 2020.

–4–