**Opinion issued August 8, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00739-CR**

———————————

**HAILEY MARIE CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 43rd District Court**
**Parker County, Texas**
**Trial Court Case No. CR21-0330**

---

**MEMORANDUM OPINION**

Appellant Hailey Marie Carter pleaded guilty to the first-degree felony

offense of possession of at least four but less than two hundred grams of a controlled

substance, methamphetamine, with intent to deliver.[1] Pursuant to an agreement between Carter and the State, the trial court deferred adjudication of guilt, placed Carter on community supervision for seven years, and ordered her to pay a $2,000 fine, $180 in restitution, and court costs. The State subsequently moved to adjudicate Carter's guilt, alleging that she had violated several conditions of her community supervision. Carter pleaded true to the allegations. Following an evidentiary hearing, the trial court adjudicated Carter guilty and assessed her punishment at twenty-five years' confinement. In the written judgment, the trial court ordered Carter to pay a fine, restitution, and court costs.

In two issues, Carter argues that the trial court erred by (1) ordering her to pay a fine, restitution, and court costs because the court failed to orally pronounce payment of these amounts at sentencing; and (2) ordering her to pay fines and costs because she is indigent and the court did not conduct an inquiry on the record into her ability to pay these amounts.

We modify the judgment of the trial court and affirm as modified.

---

[1]     *See* TEX. HEALTH & SAFETY CODE §§ 481.112(a), (d) (providing that possession with intent to deliver at least four but less than two hundred grams of controlled substance listed in penalty group 1 is first-degree felony), 481.102(6) (listing methamphetamine as controlled substance in penalty group 1).

## Background

A Parker County grand jury indicted Carter for the underlying offense of possession of at least four but less than 200 grams of a controlled substance, methamphetamine, with the intent to deliver.[2] Carter pleaded guilty to this offense. The plea paperwork reflects that the State agreed to recommend that the trial court defer adjudication of Carter's guilt, place her on community supervision for seven years, impose a $2,000 fine, order her to pay $180 in restitution, require completion of 240 hours of community service, and require quarterly hair follicle tests.

The trial court accepted Carter's plea. In February 2022, the court signed an order of deferred adjudication. In this order, the court deferred adjudication of Carter's guilt and placed her on community supervision for seven years. The order also recited the additional terms of the bargain between Carter and the State: a $2,000 fine, payment of $180 in restitution, 240 hours of community supervision, and quarterly hair follicle tests. The order also required Carter to pay $290 in court costs. On the same day that the trial court signed the deferred adjudication order, the Parker

---

[2]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas to this Court pursuant to its docket-equalization authority. *See* TEX. GOV'T CODE § 73.001 (providing that, with exception not applicable here, Texas Supreme Court "may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer"); TEX. R. APP. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.").

County District Clerk prepared a bill of cost. This bill specified the various court costs, fines, and fees that Carter owed, with a total balance due of $2,540.

The trial court imposed numerous conditions on Carter as part of her community supervision. These conditions included requirements that Carter commit no new offenses; avoid "injurious or vicious habits"; report to the Parker County Community Supervision and Corrections Department each month; pay a portion of her required fees each month; complete at least 16 hours of community supervision per month; and abstain from using controlled substances.

In June 2023, the State moved for adjudication of Carter's guilt, arguing that she had violated several conditions of her community supervision. Specifically, the State alleged that Carter had possessed methamphetamine and tested positive for methamphetamine usage in February 2023 and May 2023; she failed to abstain from injurious habits because she used methamphetamine while pregnant; she had failed to report to her community supervision officer in eight different months; she had failed to make any payments towards her court costs and fines; she had failed to make timely payments of a community supervision fee; and she failed to participate in community service.

At the hearing on the State's motion to adjudicate, Carter was represented by retained counsel. Carter pleaded true to the allegations in the State's motion to

4

adjudicate.[3] Three witnesses testified at the hearing: Carter's community supervision officer, Carter's mother, and Carter herself. The witnesses testified concerning Carter's compliance with the community supervision conditions, her usage of methamphetamine, and her desire to enter a substance abuse treatment program. At the close of the hearing, the trial court found the allegations in the State's motion to adjudicate true, adjudicated Carter guilty of the underlying offense, and assessed her punishment at twenty-five years' confinement. It is undisputed that the trial court did not orally pronounce during this hearing that Carter would be required to pay a fine, restitution, or court costs.

The trial court signed a written judgment adjudicating Carter's guilt and assessing her punishment at twenty-five years' confinement. The judgment required Carter to pay $1,830 in unpaid fines, $180 in unpaid restitution, and $35 in unpaid reimbursement fees. According to the judgment, Carter had no unpaid court costs. The judgment also listed several "Punishment Options." The trial court checked the option for "Confinement in State Jail or Institutional Division." This option included the following statement: "Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any

---

[3] Carter also signed a written plea of true to the allegations in the State's motion to adjudicate. This document recited that Carter and the State did not have an agreement on the disposition of the motion or on punishment, which would be decided by the trial court.

other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due."

The Parker County District Clerk prepared a bill of cost the same day the trial court signed the judgment. The cost bill listed 12 court costs and fees, the $2,000 fine, and $180 in reimbursement, for a total of $2,530 in billed charges. One of the fees included in the cost bill was a $15 "Time Payment Fee," and the cost bill stated that this fee "will be applied if the fine and court costs are not paid in full prior to the 31st day after the date of Judgment." The cost bill also reflected that Carter had paid nearly all the assessed court costs and some of the $2,000 fine, so her remaining balance was $2,045. The outstanding balance included $20 in court costs, the $15 time payment fee, $1,830 of the "General Fine," and $180 in restitution.

Carter submitted an affidavit of indigency and requested appointment of appellate counsel. In this document, Carter represented that she has no income. The trial court appointed appellate counsel for Carter.

Appellate counsel filed a combined motion for new trial and a motion in arrest of judgment, arguing generally that the verdict was contrary to the law and the evidence. The motion was overruled by operation of law. This appeal followed.

### Pronouncement of Sentence

In her first issue, Carter argues that the trial court erred by including a fine, restitution, and costs in the judgment because the court did not orally pronounce

6

these amounts as part of Carter's sentence. Carter requests that we modify the trial court's judgment to remove the $2,000 fine, $180 in restitution, and the requirement that she pay court costs.

## A. *Governing Law*

A judgment is the written declaration of the court, signed by the trial judge and entered of record, that shows the conviction or acquittal of the defendant. TEX. CODE CRIM. PROC. art. 42.01, § 1; *Ette v. State*, 559 S.W.3d 511, 515 (Tex. Crim. App. 2018). "The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." TEX. CODE CRIM. PROC. art. 42.02; *Burg v. State*, 592 S.W.3d 444, 450 (Tex. Crim. App. 2020) ("[A] sentence is nothing more than the portion of the judgment setting out the terms of punishment.") (quoting *State v. Ross*, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997)).

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); TEX. CODE CRIM. PROC. art. 42.03, § 1(a) ("Except as provided in [Code of Criminal Procedure] Article 42.14, sentence shall be pronounced in the defendant's presence."). The trial court's pronouncement of sentence is oral, "while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

7

Thus, when the oral pronouncement of sentence and the written judgment conflict, the oral pronouncement controls. *Id.*; *see Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (stating that defendant has due process right to "fair notice of all of the terms of his sentence, so that he may object and offer a defense to any terms he believes are inappropriate").

Generally, when the trial court orders community supervision, the court imposes a sentence, which is then suspended when the court grants community supervision. *Taylor*, 131 S.W.3d at 502. However, when the trial court orders deferred adjudication, no sentence is imposed. *Id.* If the trial court later adjudicates guilt, "the order adjudicating guilt sets aside the order deferring adjudication," including any fines or other awards that were imposed at the time the trial court deferred adjudication of guilt. *Id.* Thus, in determining whether a written judgment conflicts with an oral pronouncement in situations involving deferred adjudication, we look to the oral pronouncement made at the time the trial court adjudicates the defendant guilty, not the pronouncement made at the time the court imposes deferred adjudication. *Id.*; *Alexander v. State*, 301 S.W.3d 361, 363–64 (Tex. App.—Fort Worth 2009, no pet.).

A fine imposed under Penal Code chapter 12 is "clearly punitive in nature." *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009); *see, e.g.*, TEX. PENAL CODE § 12.32(b) ("[A]n individual adjudged guilty of a felony of the first degree

8

may be punished by a fine not to exceed $10,000."). Fines are therefore properly included as part of the sentence. *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022); *Burg*, 592 S.W.3d at 451. Generally, fines must be orally pronounced in the defendant's presence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

An award of restitution serves several purposes, including "serv[ing] as appropriate punishment for the convicted criminal." *Burt*, 445 S.W.3d at 756; *Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999) ("As punishment, restitution attempts to redress the wrongs for which a defendant has been charged and convicted in court."). Restitution is considered punishment. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). An award of restitution must be included in the trial court's oral pronouncement of sentence. *See Burt*, 445 S.W.3d at 757; *Alexander*, 301 S.W.3d at 364.

Court costs, on the other hand, are not punitive. *Weir*, 278 S.W.3d at 367; *see* TEX. CODE CRIM. PROC. art. 42.16 (providing that trial court "shall" assess costs against defendant upon conviction). Instead, the Legislature intended for the assessment of court costs against a convicted defendant to be a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir*, 278 S.W.3d at 366 (quotations omitted); *see Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (stating that court costs "are not part

of the guilt or sentence of a criminal defendant, nor must they be proven at trial"). Because court costs are not punitive, these amounts do not have to be included in the oral pronouncement of sentence "as a precondition to their inclusion in the trial court's written judgment." *Weir*, 278 S.W.3d at 367; *see Armstrong*, 340 S.W.3d at 766–67.

## B.   *Analysis*

Carter pleaded guilty to possession of at least four but less than two hundred grams of a controlled substance with intent to deliver. The State agreed to recommend that the trial court defer adjudication of guilt, place Carter on community supervision for seven years, impose a $2,000 fine, require community service, and require payment of court costs and $180 in restitution. The trial court accepted Carter's plea and followed the parties' agreement. In the order of deferred adjudication, the court deferred adjudication of Carter's guilt, placed her on community supervision for seven years, ordered her to complete community service, imposed a $2,000 fine, and required Carter to pay $180 in restitution, $290 in court costs, and $20 in miscellaneous fees. A bill of cost that issued at the time the trial court signed the deferred adjudication order required Carter to pay a total of $2,540: the $2,000 fine, $180 in restitution, and $360 in court costs and fees.

Over a year later, the State moved to adjudicate Carter's guilt. Carter pleaded true to the allegations in the State's motion. Following an evidentiary hearing, the

trial court stated that "based on your plea of true, the Court's going to find the allegations true and now adjudicate you guilty and sentence you to 25 years in the penitentiary." The trial court did not say anything about a fine, restitution, or court costs. The written judgment, however, imposed a 25-year sentence on Carter and required her to pay $1,830 in unpaid fines, $180 in unpaid restitution, $0.00 in unpaid court costs, and $35 in unpaid reimbursement fees. The bill of cost that issued at the time of the trial court's judgment required Carter to pay these same amounts, for a total outstanding balance of $2,045.[4]

On appeal, Carter argues that the written judgment conflicts with the oral pronouncement of her sentence at the hearing to adjudicate her guilt. She argues that because the oral pronouncement controls over the judgment, we must strike the fine, restitution amount, and court costs from the judgment to conform with the oral pronouncement of sentence that occurred in her presence. The State agrees that the trial court erroneously included the unpaid portion of the fine and restitution in the judgment, but it contends that the trial court correctly imposed court costs because those costs are nonpunitive and are not required to be included in the oral pronouncement.

---

[4]     This bill of cost reflected that Carter had paid $170 of her fine and $315 in court costs and fees.

11

We agree with Carter and the State that the written judgment does not conform to the oral pronouncement of sentence at the adjudication hearing and that the trial court erroneously included the unpaid portion of the fine—$1,830—and $180 for restitution in the judgment. *See Taylor*, 131 S.W.3d at 502 (considering, in cases involving deferred adjudication, oral pronouncement of sentence that occurs at time trial court adjudicates guilt). Fines and restitution are both considered part of a defendant's punishment and therefore must be included in the trial court's oral pronouncement of sentence. *See Armstrong*, 340 S.W.3d at 767 (fines); *Burt*, 445 S.W.3d at 757 (restitution). Because the trial court did not orally pronounce a fine or restitution as part of Carter's sentence at the time the court adjudicated her guilt, the oral pronouncement controls over the judgment, and the unpaid portion of the fine and restitution should be deleted from the judgment. *See Burt*, 445 S.W.3d at 757; *Armstrong*, 340 S.W.3d at 767.

Court costs, however, are not punitive and need not be included in the oral pronouncement of sentence to be properly included in the judgment. *Weir*, 278 S.W.3d at 367. We therefore agree with the State that while the trial court did not include payment of court costs in its oral pronouncement of sentence at the adjudication hearing, the court was not required to do so, and therefore the inclusion of court costs in the judgment is not erroneous. *See id.*

We sustain Carter's first issue in part.

12

**Failure to Conduct Ability-to-Pay Inquiry**

In her second issue, Carter argues that the trial court erred by including fines and court costs in the judgment because she was indigent, and the court failed to conduct an inquiry into her ability to pay fines and costs on the record. Carter also argues that the court prematurely assessed a "time payment fee" in the judgment.

**A.** *Governing Law*

When the trial court imposes a fine on a defendant as part of her punishment, "the judgment shall be that the defendant pay the amount of the fine and all costs to the state." TEX. CODE CRIM. PROC. art. 42.15(a); *see id.* art. 42.16 (providing that judgment of conviction "shall also adjudge the costs against the defendant, and order the collection thereof as in other cases"). Code of Criminal Procedure article 42.15(a-1) recognizes that indigent defendants might have difficulty paying a fine and court costs and provides:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court *shall inquire on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:
>
> > (1)  subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;
> >
> > (2)  discharged by performing community service . . . ;

> (3) waived in full or in part under Article 43.091 or 45.0491; or
>
> (4) satisfied through any combination of methods under Subdivisions (1)–(3).

*Id.* art. 42.15(a-1) (emphasis added); *Cruz v. State*, —S.W.3d—, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) ("Subsection (a-1) was added to article 42.15 in 2017 to eliminate the assessment of fines and costs that a defendant lacked the financial means to pay."); *see also Mathis v. State*, 424 S.W.3d 89, 94 (Tex. Crim. App. 2014) (stating that requirement that court consider defendant's ability to make monetary payments as term of community supervision is "a statutory recognition that the criminal-justice system may not punish people for their poverty").

When imposing a fine and costs, the trial court may direct the defendant to pay: (1) the entire fine and costs when sentence is pronounced; (2) the entire fine and costs "at some later date"; or (3) a specified portion of the fine and costs at designated intervals. TEX. CODE CRIM. PROC. art. 42.15(b); *see id.* art. 43.091(a) (allowing court to waive all or part of fine if court determines that defendant is indigent and alternative methods of discharging fine would impose undue hardship on defendant), (c) (allowing court to waive all or part of costs imposed if court determines that defendant is indigent); *Dulin v. State*, 620 S.W.3d 129, 130 (Tex. Crim. App. 2021) ("Under the Code of Criminal Procedure, the trial court has the

14

power to direct when the payment of a fine or court costs occurs: when sentence is pronounced, at a later date, or at designated intervals.").

The Texas Legislature added the requirement that the ability-to-pay inquiry be conducted on the record in 2021, and few appellate cases have construed this requirement. *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 Tex. Gen. Laws 202, 202 (codified at TEX. CODE CRIM. PROC. art. 42.15(a-1)). In *Sloan v. State*, the trial court did not conduct the inquiry on the record, and the Tyler Court of Appeals addressed whether a remand was necessary for the trial court to conduct the inquiry. *See* 676 S.W.3d 240, 241–42 (Tex. App.—Tyler 2023, no pet.). The Tyler Court stated that even if it assumed that the court had abused its discretion by failing to hold the inquiry on the record, abating the appeal and remanding the case to the trial court "only is appropriate if the trial court's erroneous action, failure, or refusal to act prevents the proper presentation of the case to this court and the trial court can correct its action or failure to act," such as by filing required findings of fact and conclusions of law or by permitting an offer of proof. *Id.* at 241.

In *Sloan*, the defendant's argument on appeal was that the court did not conduct the ability-to-pay inquiry on the record. *Id.* Sloan did not argue that "the trial court's failure strictly to comply with the statute prevented him from raising and developing a claim on appeal." *Id.* The court then noted that despite the trial court's failure to conduct the inquiry on the record, "the result of such an inquiry, had it

occurred, already is apparent from the record." *Id.* The trial court's judgment required Sloan, "[u]pon release from confinement," to pay or make arrangements to pay with the district clerk "any fines, court costs, reimbursement fees, and restitution due." *Id.* Article 42.15(a-1) requires the trial court to conduct an ability-to-pay inquiry on the record, but after that inquiry is conducted, if the trial court determines that the defendant does not have the ability to immediately pay fines and costs, the court has several options, including requiring payment of fines and costs "at some later date." *Id.* (quoting TEX. CODE CRIM. PROC. art. 42.15(a-1)(1)).

The Tyler Court therefore concluded:

[B]ecause the trial court ordered (consistent with Article 42.15(a-1)(1)) that [Sloan's] payment of his fine and court costs was not required to be made until he is released from confinement, it is apparent from the record that, despite its failure to conduct an on-record inquiry about [Sloan's] ability immediately to pay his fine and court costs, it must have determined that [Sloan] did not have sufficient resources or income immediately to pay all or part of the fine and costs. And because [Sloan] has not argued that the trial court's determination that he should pay the fine and court costs at some later date, as opposed to the other options available to it under Article 42.15(a-1)(1), amounted to an abuse of discretion, we hold that remanding the cause for a gratuitous inquiry when the resultant determination already is apparent from the record would amount to an unnecessary exercise and a waste of judicial resources.

*Id.* The court also noted that even if Sloan "disagrees with the trial court's 'pay later' determination, he is not harmed by his failure to raise it on appeal." *Id.* n.2. If Sloan was unable to pay the fine and costs upon his release from confinement, the Code of Criminal Procedure contained provisions allowing him to seek relief from the trial

16

court, which retained jurisdiction over the matter for that purpose.[5] *Id.*; TEX. CODE CRIM. PROC. art. 43.035(a), (e).

## B.    Analysis

### 1.    Whether the trial court reversibly erred by failing to conduct an ability-to-pay inquiry on the record

The parties agree that (1) at sentencing, the trial court did not conduct an inquiry into Carter's ability to pay a fine and costs on the record; and (2) Carter subsequently submitted an affidavit of indigency, and the trial court appointed counsel to represent her on appeal. The parties disagree, however, on whether the court's failure to hold the ability-to-pay hearing on the record constitutes reversible error in this case.

Carter argues that she has been harmed because the monetary obligations imposed in the judgment—the fine, restitution, and court costs and fees—are "debt[s] she cannot pay" and she must "somehow pay such things while incarcerated," even though she is indigent. The State relies on *Sloan* and argues that the error is harmless because the judgment defers Carter's obligation to make monetary payments until after she is released from confinement, Carter does not

---

[5]    Both this Court and the Fort Worth Court of Appeals—the transferor court in this transfer case—have followed *Sloan* in unpublished memorandum opinions. *See Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *6 & n.6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication); *Lopez v. State*, No. 01-22-00047-CR, 2024 WL 86412, at *5 & n.9 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, pet. granted) (mem. op., not designated for publication).

challenge the trial court's decision to defer payment, and Carter has a statutory avenue of relief if she cannot pay upon her release from confinement.

We agree with the State that although the trial court erred by not conducting an ability-to-pay inquiry on the record during or after Carter's sentencing, the error in this case is harmless. Article 42.15(a-1) requires the trial court to "inquire on the record whether the defendant has sufficient resources or income to *immediately pay* all or part of the fine and costs." TEX. CODE CRIM. PROC. art. 42.15(a-1) (emphasis added). If the court determines that the defendant does not have sufficient resources to immediately pay all or part of the fine and costs, the court has several options, including requiring payment of the fine and costs "at some later date." *Id.* art. 42.15(a-1), (b)(2).

Here, the trial court did not conduct an ability-to-pay inquiry on the record. However, the trial court selected the following "Punishment Option" in the judgment:

> **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **ORDERS** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. *Upon release from confinement*, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, *to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due*.

(Emphasis added.) Thus, the judgment does not require Carter to pay her fine and court costs immediately while she is incarcerated. Instead, this obligation begins upon her release from confinement. Although the trial court did not hold the required inquiry on the record, the effect of the language in the judgment is to implement one of the options that article 42.15(a-1) and (b) allows a trial court to select for defendants who do not have sufficient resources to immediately pay a fine and costs.

Under these circumstances, we agree with the State that the trial court's failure to hold an ability-to-pay inquiry on the record does not constitute reversible error.[6] *See Sloan*, 676 S.W.3d at 242 ("[I]t is apparent from the record that, despite its failure to conduct an on-record inquiry about [Sloan's] ability immediately to pay his fine and court costs, it must have determined that [Sloan] did not have sufficient resources or income immediately to pay all or part of the fine and costs."); *Jones v. State*, —S.W.3d—, No. 14-22-00495-CR, 2024 WL 848371, at *6 (Tex. App.— Houston [14th Dist.] Feb. 29, 2024, pet. filed) (declining to remand for ability-to-pay inquiry because result of such inquiry "is already apparent in the record because

---

[6] We note, as the Tyler Court of Appeals did in *Sloan*, that upon Carter's release from confinement, she can seek relief from the trial court at that time if she cannot pay her remaining monetary obligations. *See* TEX. CODE CRIM. PROC. art. 43.035(a) ("If a defendant notifies the court that the defendant has difficulty paying the fine and costs in compliance with the judgment, the court shall hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant."), (c) (providing that if court determines undue hardship exists, court shall consider whether fine and costs should be satisfied through alternate methods listed in article 42.15(a-1)), (e) (providing that trial court retains jurisdiction to make this determination).

19

the trial court ordered [Jones] to pay or make arrangements to pay court costs and fees upon his release from confinement").

We overrule this portion of Carter's second issue.

## 2. Assessment of time payment fee

Carter also argues that the judgment and bill of cost erroneously assessed a $15 "time payment" fee against her because assessment of this fee is premature pending her appeal of the judgment. The State agrees that assessment of this fee while Carter's appeal is pending is premature and that this fee should be stricken from the judgment. We agree with Carter and the State.

Code of Criminal Procedure article 102.030(a) provides:

A person convicted of an offense shall pay a reimbursement fee of $15 if the person:

 (1) has been convicted of a felony or misdemeanor; and

 (2) pays any part of a fine, court costs, or restitution, or another reimbursement fee, on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee.

TEX. CODE CRIM. PROC. art. 102.030(a); *Dulin*, 620 S.W.3d at 129. "[T]he time payment fee becomes due as soon as the trial court's judgment becomes final, assuming no notice of appeal or motion for new trial has been filed." *Dulin*, 620 S.W.3d at 130.

An appeal, however, suspends payment of monetary obligations such as fines, court costs, and restitution during the pendency of the appeal. *Id.* at 133. Because

the monetary obligations are suspended during the pendency of an appeal, "it follows that the running of the clock for the time payment fee is suspended." *Id.* Assessment of the time payment fee in a case that has been appealed is therefore premature. *Id.* The appropriate remedy in such a case is to strike the fee in its entirety, "without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that [she] owes." *Id.*

Here, the judgment required Carter to pay $35 in unpaid reimbursement fees. In addition to the fine and the amount of restitution, the bill of cost listed twelve fees, four of which were still outstanding. The outstanding fees included a $15 time payment fee pursuant to article 102.030.

We agree with Carter and the State that the pendency of Carter's appeal suspended her monetary obligations and suspended "the running of the clock for the time payment fee." *See id.* The time payment fee was therefore prematurely assessed. *See id.* The time payment fee should be deleted from the judgment and the bill of cost. *See id.*

We sustain this portion of Carter's second issue.

## Conclusion

We modify the judgment of the trial court to delete the requirement that Carter pay $1,830 in an unpaid fine and $180 in restitution. We also modify the judgment

21

to delete the $15 time payment fee without prejudice to this fee being assessed later if, more than thirty days after issuance of the appellate mandate, Carter fails to completely pay any court costs that she owes. We affirm the judgment as modified.


April L. Farris
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).