

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00391-CR

———————————————————

DANIEL HERNANDEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1702698

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach

In 2022, appellant Daniel Hernandez pled guilty to bodily-injury assault of a family member with a previous conviction for an offense involving family violence, a third-degree felony, and the trial court placed him on five years' deferred-adjudication community supervision. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A). In September 2024, the State filed its amended petition to adjudicate, alleging that Hernandez had violated his probation in four ways. At the hearing on the State's motion, Hernandez remained silent, so the trial court entered pleas of not true to each of the State's allegations. After hearing evidence, the trial court found three of the four allegations to be true, adjudicated Hernandez guilty, and assessed his sentence at ten years' confinement but suspended the imposition of sentence and placed Hernandez on four years' community supervision and added as a condition that he serve an additional 90 days in jail. *See id.* § 12.34; Tex. Code Crim. Proc. Ann. art. 42A.053. Hernandez appealed.

Hernandez's court-appointed attorney, after determining that the appeal is frivolous, filed a motion to withdraw as counsel and a supporting brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the *Anders* requirements by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, complying with *Kelly v. State*, counsel provided Hernandez with copies of the brief and motion to withdraw; informed him of his right to file a

pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim App. 2014). Hernandez had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief.

We have carefully reviewed counsel's brief and the record and have determined that, but for a minor error in the judgment, this appeal is wholly frivolous and without merit. Nothing in the record supports the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We note that when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including any fines previously imposed. *Akhil v. State*, No. 02-24-00311-CR, 2025 WL 2007326, at *1 (Tex. App.—Fort Worth July 17, 2025, no pet. h.) (mem. op., not designated for publication); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App—Fort Worth 2009, no pet.) (citing *Taylor v. State*, 131 S.W.3d 497, 501–02 (Tex. Crim. App. 2004)). At the adjudication hearing, the trial court did not pronounce any fine. The written judgment rendered by the trial court after the adjudication hearing states on its first page that Hernandez owes no fine, but then, in

its special findings, states that he owes a "fine in the amount of $482 to run concurrent with sentence."[1] The bill of costs states that Hernandez owes no fine.

Because the trial court did not announce any fine as part of Hernandez's sentence, we reform the judgment to delete the reference on the second page to the $482 fine. *See Akhil*, 2025 WL 2007326, at *1; *Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication).

Except for the modification discussed above, we agree with counsel that the appeal is wholly frivolous and without merit. Having reformed the judgment to exclude reference to the fine, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.).

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 21, 2025

---

[1]Although it is unclear whether the trial court intended for this finding to impose a fine despite omitting a fine on the first page, we nevertheless address the finding in an abundance of caution. *See* Tex. Code Crim. Proc. Ann. art. 43.09.